IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------- X
                                                                 :
Peermusic, III, Ltd., Songs of Peer, Ltd., Peer                  :
International Corp., Peermusic Ltd., PSO Ltd.,                   :
Southern Music Publishing Co., Inc., WB Music                    :   Civil Action No.: _____
Corp., Warner-Tamerlane Publishing Corp.,                        :
Unichappell Music, Inc., Bug Music, Inc.,                        :   **COMPLAINT FOR**
Windswept Holdings LLC and Hitco Music                           :   **COPYRIGHT**
Publishing, LLC,                                                 :   **INFRINGEMENT**
                                                                 :
             *Plaintiffs*,                                       :
                                                                 :
      v.                                                         :
                                                                 :
Motive Force LLC and Sean Colombo,                               :
                                                                 :
             *Defendants*.                                       :
---------------------------------------------------------------- X

Plaintiffs Peermusic, III, Ltd., Songs of Peer, Ltd., Peer International Corp., Peermusic Ltd., PSO Ltd., Southern Music Publishing Co., Inc. (collectively "Peermusic"), WB Music Corp., Warner-Tamerlane Publishing Corp., Unichappell Music, Inc. (collectively "Warner/Chappell"), Bug Music, Inc., Windswept Holdings LLC and Hitco Music Publishing, LLC (collectively "Bug"), for their Complaint against Defendants Motive Force LLC ("Motive Force") and Sean Colombo ("Colombo") by their counsel Babst, Calland, Clements and Zomnir, PC and Moses & Singer LLP, allege upon information and belief as to facts concerning others and upon personal knowledge as to facts concerning Plaintiffs, as follows:

## NATURE OF THE ACTION

1. Plaintiffs are music publishers that, collectively, represent many thousands of individual songwriters who have written millions of musical compositions, including some of the most popular and beloved songs of all time ("Plaintiffs' Songs"). Defendants own, operate and control a website located at http://www.lyricwiki.org (the "LyricWiki Website"), which copies,

publicly displays and publicly distributes the lyrics from hundreds of thousands of Plaintiffs' Songs without permission or licenses, although such licenses are readily available. Defendants knowingly assist and induce their website users' infringement of Plaintiffs' rights by, *inter alia*, encouraging and providing means for those users to (i) add lyrics from Plaintiffs' Songs to the LyricWiki Website and (ii) copy the lyrics into their computers and personal media devices without Plaintiffs' permission.

2.  Defendants also knowingly assist and induce third-party software developers (which provide software applications and services) to distribute copies of lyrics from Plaintiffs' Songs to consumers' computers and personal media players. Defendants have, themselves, created and distributed a Facebook application that uses the lyrics from Plaintiffs' Songs without Plaintiffs' permission.

3.  Defendants profit from their willful infringement through various means, including Defendants' placement of advertising on the LyricWiki Website, soliciting "donations" from users of the LyricWiki Website and using the popularity of the LyricWiki Website to promote the other businesses of Defendants. Plaintiffs bring this action to stop Defendants' massive and daily infringement of Plaintiffs' copyrights.

4.  Plaintiffs, and their representatives, have repeatedly sought to persuade Defendants to obtain licenses for their commercial exploitation of Plaintiffs' Songs on the LyricWiki Website. Defendants, however, have steadfastly refused to do so and willfully continue their infringing conduct, causing Plaintiffs grave and irreparable injury.

5.  Defendants' knowing and unlicensed use of the lyrics from musical compositions owned by Plaintiffs constitutes willful copyright infringement on a vast scale, in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.* Defendants' unauthorized display of the lyrics from

Plaintiffs' musical compositions also constitutes a violation of the public display right provided for in 17 U.S.C. § 106(5) and the operation of the LyricWiki Website involves numerous violations of the reproduction right provided for in 17 U.S.C. § 106(1) and the public distribution right provided for in 17 U.S.C. § 106(3). Plaintiffs seek equitable relief and damages for Defendants' willful copyright infringement.

## JURISDICTION AND VENUE

6. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.*

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(a), because Defendants and/or their agents reside and/or may be found in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

9. This Court has personal jurisdiction over Defendants, because Defendants are doing business in the State of Pennsylvania and this District, Colombo resides and/or may be found within the State of Pennsylvania and this District, and Motive Force is a Pennsylvania Limited Liability Company with a principal place of business in this District.

## THE PLAINTIFFS AND THEIR BUSINESS

10. As noted above, Plaintiffs are music publishers that, collectively, represent many thousands of individual songwriters, who have written millions of musical compositions protected by copyright. Plaintiffs license the use of the songs to record companies, motion picture and television production companies, television and radio networks and stations, Internet webcasters and many other businesses that regularly exploit the songs for profit and, in turn, Plaintiffs share the license fees with the songwriters, who created the songs. Thus, Plaintiffs

generate significant revenues for their licensees' businesses, while fostering the creative process by enabling songwriters to profit from their songs and to continue to create great music for the world to enjoy.

11. Plaintiffs continually expend great energy and resources developing new licensing opportunities and new business models for the use of Plaintiffs' Songs. For example, the rise of the Internet as a new medium for popular culture and communication has led to considerable demand for access to the lyrics of popular songs through the World Wide Web and through other protocols that allow the lyrics to be used in connection with personal media players, such as the iPod or cellular phones. Plaintiffs have been proactive in offering licenses on reasonable terms to third parties wishing to provide consumers with such access to Plaintiffs' Songs. As the market declines for compact discs and other traditionally important sources of income for music publishers, it is of utmost importance that Plaintiffs be able to continue developing these emerging markets. Defendants' blatant commercial use of Plaintiffs' Songs, without taking the licenses offered by Plaintiffs and their representatives, completely undermines Plaintiffs' ability to adapt to the changing marketplace and cheats songwriters out of fair compensation for their creative efforts.

12. Plaintiff Peermusic, III, Ltd. is a corporation incorporated under the laws of Delaware and has a principal executive office at 250 W. 57th St., Suite 820, New York, New York 10107.

13. Plaintiff Songs of Peer, Ltd. is a corporation incorporated under the laws of Delaware and has a principal executive office at 250 W. 57th St., Suite 820, New York, New York 10107.

14. Plaintiff Peer International Corp. is a corporation incorporated under the laws of New Jersey and has a principal executive office at 250 W. 57th St., Suite 820, New York, New York 10107.

15. Plaintiff Peermusic Ltd. is a corporation incorporated under the laws of New York and has a principal executive office at 250 W. 57th St., Suite 820, New York, New York 10107.

16. Plaintiff PSO Ltd. is a corporation incorporated under the laws of New York and has a principal executive office at 250 W. 57th St., Suite 820, New York, New York 10107.

17. Plaintiff Southern Music Publishing Co., Inc. is a corporation incorporated under the laws of New York and has a principal executive office at 250 W. 57th St., Suite 820, New York, New York 10107.

18. Peermusic is a major independent music publisher and has an extraordinarily diverse catalogue with perennial favorites ranging from "Babalu," "Georgia On My Mind," and "Mellow Yellow" to more contemporary hits such as "The Crying Game," the Grammy and Academy Award nominated "Run To You," Garth Brooks' "Longneck Bottle," and the theme from the Olympic Games, "The Power of The Dream." Peermusic has songs in virtually every genre of music including Pop, Rock, Classical, Country and Latin.

19. Peermusic is the legal or beneficial owner of the copyrights in many thousands of songs. A listing of a representative sample of these copyrights, each of which has been duly registered with the United States Copyright Office, is attached hereto as Exhibit 1.

20. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation incorporated under the laws of California and has its principal executive office at 10585 Santa Monica Blvd., Los Angeles, California 90025.

21. Plaintiff WB Music Corp. is a corporation incorporated under the laws of California and has its principal executive office at 10585 Santa Monica Blvd., Los Angeles, California 90025.

22. Plaintiff Unichappell Music, Inc. is a corporation incorporated under the laws of Delaware and has its principal executive office at 10585 Santa Monica Blvd., Los Angeles, California 90025.

23. Warner/Chappell is one of the largest music publishers in the world and represents thousands of famous composers. Warner/Chappell publishes music in all forms, from Symphonic to Soul, Be-Bop to Broadway, Tangos to Techno, Romance to Rock. Its expansive catalog includes the songs of Cole Porter and George and Ira Gershwin, as well as the music of Dido, Dr. Dre, Eric Clapton, Green Day, Led Zeppelin, Madonna, Nickelback, Red Hot Chili Peppers, Lil Wayne, T.I. and others.

24. Warner/Chappell is the legal or beneficial owner of the copyrights in many thousands of songs. A listing of a representative sample of these copyrights, each of which has been duly registered with the United States Copyright Office, is attached hereto as Exhibit 2.

25. Plaintiff Bug Music, Inc. is a corporation incorporated under the laws of California and has a principal executive office at 7750 Sunset Blvd., Los Angeles, California 90046.

26. Plaintiff Windswept Holdings LLC is a California limited liability company and has a principal executive office at 7750 Sunset Blvd., Los Angeles, California 90046.

27. Plaintiff Hitco Music Publishing, LLC is a Delaware limited liability company and has a principal executive office at 7750 Sunset Blvd., Los Angeles, California 90046.

28. Bug is a major independent music publisher that owns and administers hundreds of thousands of copyrighted songs including such diverse favorites as "Fever," "What a Wonderful World," "I Walk the Line," "Summer in the City," "The Real Slim Shady," "Stormy Weather," "Who Are You?", "Under the Boardwalk" and "Lust for Life" to name but a handful. Its clients include the estates of such esteemed musical luminaries as Johnny Cash, Willie Dixon, Muddy Waters, Woody Guthrie and Stevie Ray Vaughan. Bug also represents modern musical masters, such as Kara DioGuardi, Pete Townshend, Iggy Pop, Ryan Adams and Wilco.

29. Bug is the legal or beneficial owner of the copyrights in many thousands of songs. A listing of a representative sample of these copyrights, each of which has been duly registered with the United States Copyright Office, is attached hereto as Exhibit 3.

## THE DEFENDANTS AND THEIR INFRINGING CONDUCT

30. Defendant Motive Force is a limited liability company organized under the laws of Pennsylvania with a registered address at 2129 Grandeur Drive, Gibsonia, Pennsylvania 14044.

31. Defendant Colombo is an individual residing at 224 Adams Pointe Blvd Unit 3, Mars, Pennsylvania 16046-4663, and is a principal and the founder and CEO of Motive Force. At all relevant times, Colombo does and has personally managed and controlled the business operations of Motive Force. Colombo does and has personally and substantially participated in, and profited from, all of the conduct ascribed to Defendants herein, and exercised his right and ability to supervise and control Motive Force's employees and agents involved in such conduct.

32. At all relevant times, each of the Defendants is and was a party to the unlawful actions complained of, and acted in concert or combination with the other Defendant and/or has acted as an agent for the other Defendant with respect to the conduct ascribed to Defendants herein.

33. Defendants own, control and operate the LyricWiki Website.

34. The sole or predominant commercial purpose of the LyricWiki Website is to provide consumers with various kinds of access to the lyrics from copyright-protected musical compositions.

35. Since April, 2006, Defendants have copied hundreds of thousands of copyrighted lyrics to the infringing LyricWiki Website. Defendants created a software device called a "bot," and/or used other automated processes to search throughout the Internet and "scrape" or otherwise copy lyrics from musical compositions, including Plaintiffs' Songs, and incorporate those copied lyrics into the LyricWiki Website. The first wave of this massive, automated copying started the LyricWiki Website with the lyrics from over 430,000 songs, including many of Plaintiffs' Songs, without the permission of the copyright owners. Since that initial harvesting of lyrics, Defendants have continued to copy and incorporate lyrics from many thousands of songs, including Plaintiffs' Songs, into the LyricWiki Website. In doing so, Defendants review, revise and re-format those lyrics.

36. The LyricWiki Website allows users to easily search for and view the lyrics from hundreds of thousands of Plaintiffs' Songs on the users' computer screens and to print copies of the lyrics from their computers, all without any permission or license from Plaintiffs.

37. The LyricWiki Website also allows users to download copies of the lyrics from Plaintiffs' Songs, using various third-party software applications, directly from the LyricWiki Website to the users' computers and media players. These applications include, without limitation: iTunes Lyrics Locator, LyricsFinder11, LyricWiki Toy, LyTag, iTunes Lyrics Importer, iGrabber, iTunes Lyric Downloader, Skeiron, GimmeSomeTune and XBMC Lyrics (the "Lyric Distribution Applications"). The Lyric Distribution Applications allow users to

automatically download lyrics to songs, including Plaintiffs' Songs, and copy the lyrics into their personal computers, iPods and other media devices, also without Plaintiffs' permission or license, in conjunction with legally <u>and</u> illegally downloaded digital audio files.

38. Defendants also offer their own Facebook application, the LyricWiki Challenge game, which uses the lyrics from the LyricWiki Website, including lyrics from Plaintiffs' Songs, without Plaintiffs' permission or license.

39. Through the LyricWiki Website, Defendants also knowingly encourage and assist their customers' further copyright infringement. For example, the LyricWiki Website encourages the public to infringe Plaintiffs' copyrights by inviting users to submit copies of new lyrics to the website and provides website functionality to make the infringement easier. Defendants review such submissions prior to deciding whether to incorporate the submitted content into the LyricWiki Website and are well aware that the submitted content is, and always will be, from songs protected by copyright and without the permission of the copyright owners. Through this review process and their terms of use, Defendants also have the right and ability to supervise and control the infringing activities of their users.

40. Defendants also encourage and assist their users' and third-party software developers' further infringement by providing links to and instructions for use of the Lyric Distribution Applications. Defendants provide further inducement and support for this infringement by providing the lyrics that the Lyric Distribution Applications need to function, and by providing detailed instructions necessary for the third-party developers to create the Lyric Distribution Applications. Because they provide the portal through which the lyrics are accessed by the Lyric Distribution Applications and also maintain control of the lyrics content served to

those Lyric Distribution Applications, Defendants plainly have knowledge of, and the right and ability to supervise and control, the infringing activities of the users.

41.  The LyricWiki Website features advertising and is generating substantial revenue from Defendants' massive and willful infringement. Defendants also generate revenue from the LyricWiki Website by soliciting and accepting "donations" from its users. Further, Defendants use the popularity of the LyricWiki Website to attract attention and business to Defendants' other businesses, including Motive Force and Pedlr.

42.  Defendants are well aware that their acts (and the acts of their users and the developers of the Lyric Distribution Applications) infringe Plaintiffs' copyrights. Notably, the LyricWiki Website prominently features and advertises the availability of lyrics from songs performed by the most popular recording artists of today and the recent past, which could not possibly have passed into the public domain at this time.

43.  Further, Plaintiffs and their representatives have repeatedly informed Defendants of their infringing conduct and the availability of a license, yet Defendants have failed to either take a license or cease their infringing conduct. Defendants plainly understand that the lyrics featured on the LyricWiki Website, including those to Plaintiffs' Songs, are subject to copyright protection and have knowingly decided to forego obtaining the necessary license from the copyright owners simply to maximize their profits at the expense of Plaintiffs and the songwriters, who created Plaintiffs' Songs.

## CLAIM I

### (Copyright Infringement)

44.  Plaintiffs hereby repeat, reallege and incorporate herein by reference the allegations set forth in paragraphs 1 through 43 above.

45. Defendants' aforementioned acts constitute infringement of Plaintiffs' exclusive rights provided by the Copyright Act, 17 U.S.C. § 106. Defendants have, without license or authorization, reproduced, publicly distributed and publicly displayed the lyrics from hundreds of thousands of Plaintiffs' Songs.

46. Defendants' infringement of Plaintiffs' Songs was and continues to be done willfully, with full knowledge of Plaintiffs' copyrights, and in reckless disregard for those rights.

47. As a direct and proximate result of the foregoing acts of infringement by Defendants, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each timely-registered work that was infringed. An exemplary list of infringed works is included in Exhibits 1-3. Due to the massive scale of Defendants' infringement, Exhibits 1-3 are non-exhaustive and include only a small fraction of Plaintiffs' Songs that were infringed. Plaintiffs reserve the right to seek relief for any other infringed songs that are discovered or identified at any time prior to trial.

48. As an alternative to statutory damages, Plaintiffs at their election at any time prior to final judgment are entitled to recover their actual damages and any of Defendants' additional profits attributable to their infringement, pursuant to 17 U.S.C. § 504(a)-(b).

49. Plaintiffs are also entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

50. Defendants' conduct as averred herein has caused, and unless enjoined by this Court will continue to cause, Plaintiffs grave and irreparable injury that cannot be fully compensated by or measured in monetary damages. Plaintiffs, therefore, have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction, prohibiting further infringement of Plaintiffs' copyrights.

## CLAIM II

### (Contributory Copyright Infringement)

51. Plaintiffs hereby repeat, reallege and incorporate herein by reference the allegations set forth in paragraphs 1 through 43 above.

52. Users of the LyricWiki Websites have directly infringed and are directly infringing the copyrights in Plaintiffs' Songs by, *inter alia*, transmitting copies of lyrics from Plaintiffs' Songs to Defendants, publicly displaying those lyrics on the LyricWiki Website, and downloading and copying the lyrics (received from Defendants and/or the LyricWiki Website using the Lyric Distribution Applications) onto their computers, iPods, cellular phones and other media devices. This conduct by such users of the LyricWiki Website constitutes infringement of Plaintiffs' exclusive rights provided by the Copyright Act, 17 U.S.C. § 106. Such users have, without license or authorization, reproduced, publicly distributed and publicly displayed the lyrics from Plaintiffs' Songs, and such users continue to do so.

53. The developers and distributors of the Lyric Distribution Applications are also directly and secondarily infringing the copyrights in Plaintiffs' Songs by, *inter alia*, transmitting copies of the lyrics from Plaintiffs' Songs to the users of the Lyric Distribution Applications so that those users may copy the lyrics onto their computers, iPods, cellular phones and other media devices. This conduct by the developers and distributors of the Lyric Distribution Applications constitutes infringement of Plaintiffs' exclusive rights provided by the Copyright Act, 17 U.S.C. § 106. Such developers and distributors have, without license or authorization, reproduced, publicly distributed and publicly displayed the lyrics from Plaintiffs' Songs, and they continue to do so.

54. By their aforementioned acts, Defendants are liable as contributory infringers for the infringements by the users of the LyricWiki Website and the developers and distributors of

the Lyric Distribution Applications. Defendants have knowledge of these infringements and have caused, enabled, facilitated and otherwise materially contributed to those infringements.

55. Defendants' contributory infringement of Plaintiffs' Songs was and continues to be done willfully, with full knowledge of Plaintiffs' copyrights and in reckless disregard for those rights.

56. As a direct and proximate result of the foregoing acts of contributory infringement by Defendants, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each timely-registered work that was infringed. An exemplary list of infringed works is included in Exhibits 1-3. Due to the massive scale of Defendants' contributory infringement, Exhibits 1-3 are non-exhaustive and include only a small fraction of Plaintiffs' Songs that were infringed. Plaintiffs reserve the right to seek relief for any other infringed songs that are discovered or identified at any time prior to trial.

57. As an alternative to statutory damages, Plaintiffs at their election at any time prior to final judgment are entitled to recover their actual damages and any of Defendants' additional profits attributable to their contributory infringement, pursuant to 17 U.S.C. § 504(a)-(b).

58. Plaintiffs are also entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

59. Defendants' conduct as averred herein has caused, and unless enjoined by this Court will continue to cause, Plaintiffs grave and irreparable injury that cannot be fully compensated by or measured in monetary damages. Plaintiffs, therefore, have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction, prohibiting further contributory infringement of Plaintiffs' copyrights.

## CLAIM III

### (Inducement of Copyright Infringement)

60.  Plaintiffs hereby repeat, reallege and incorporate herein by reference the allegations set forth in paragraphs 1 through 43 above.

61.  Users of the LyricWiki Website have directly infringed and are directly infringing the copyrights in Plaintiffs' Songs by, *inter alia*, transmitting copies of lyrics from Plaintiffs' Songs to Defendants, publicly displaying those lyrics on the LyricWiki Website and downloading and copying the lyrics (received from Defendants and/or the LyricWiki Website using the Lyric Distribution Applications) onto their computers, iPods, cellular phones and other media devices. This conduct by such users of the LyricWiki Website constitutes infringement of Plaintiffs' exclusive rights provided by the Copyright Act, 17 U.S.C. § 106. Such users have, without license or authorization, reproduced, publicly distributed and publicly displayed the lyrics from Plaintiffs' Songs, and such users continue to do so.

62.  The developers and distributors of the Lyric Distribution Applications also are directly and secondarily infringing the copyrights in Plaintiffs' Songs by, *inter alia*, transmitting copies of the lyrics from Plaintiffs' Songs to the users of the Lyric Distribution Applications so that those users may copy the lyrics onto their computers, iPods, cellular phones and other media devices. This conduct by the developers and distributors of the Lyric Distribution Applications constitutes infringement of Plaintiffs' exclusive rights provided by the Copyright Act, 17 U.S.C. § 106. Such developers and distributors have, without license or authorization, reproduced, publicly distributed and publicly displayed the lyrics from Plaintiffs' Songs, and they continue to do so.

63.  By their aforementioned acts, Defendants are liable under the Copyright Act for inducing and encouraging the acts of direct copyright infringement by such users of the

LyricWiki Website and the Lyric Distribution Applications. Defendants request that the users submit copies of lyrics, including lyrics from Plaintiffs' Songs, for publication on the LyricWiki Website, and encourage those users to utilize the Lyric Distribution Applications.

64. By their aforementioned acts, Defendants are liable under the Copyright Act for inducing and encouraging the acts of direct and secondary infringement by the developers and distributors of the Lyric Distribution Applications. Defendants encourage those developers and distributors to use the LyricWiki Website as the source of the infringing lyric content and otherwise to make the Lyric Distribution Applications compatible with the LyricWiki Website.

65. Defendants' inducement of infringement of Plaintiffs' Songs was and continues to be done willfully, with full knowledge of Plaintiffs' copyrights and in reckless disregard for those rights.

66. As a direct and proximate result of the foregoing acts of inducement by Defendants, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each timely-registered work that was infringed. An exemplary list of infringed works is included in Exhibits 1-3. Due to the massive scale of the infringement, Exhibits 1-3 are non-exhaustive and include only a small fraction of Plaintiffs' Songs that were infringed. Plaintiffs reserve the right to seek relief for any other infringed songs that are discovered or identified at any time prior to trial.

67. As an alternative to statutory damages, Plaintiffs at their election at any time prior to final judgment are entitled to recover their actual damages and any of Defendants' additional profits attributable to their contributory infringement, pursuant to 17 U.S.C. § 504(a)-(b).

68. Plaintiffs are also entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

69. Defendants' conduct as averred herein has caused, and unless enjoined by this Court will continue to cause, Plaintiffs grave and irreparable injury that cannot be fully compensated by or measured in monetary damages. Plaintiffs, therefore, have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction, prohibiting further inducement of infringement of Plaintiffs' copyrights.

## CLAIM IV

### (Vicarious Liability for Copyright Infringement)

70. Plaintiffs hereby repeat, reallege and incorporate herein by reference the allegations set forth in paragraphs 1 through 43 above.

71. Users of the LyricWiki Website have directly infringed and are directly infringing the copyrights in Plaintiffs' Songs by, *inter alia*, transmitting copies of lyrics from Plaintiffs' Songs to Defendants, publicly displaying those lyrics on the LyricWiki Website and downloading and copying the lyrics (received from Defendants and/or the LyricWiki Website using the Lyric Distribution Applications) onto their computers, iPods, cellular phones and other media devices.

72. This conduct by such users of the LyricWiki Website constitutes infringement of Plaintiffs' exclusive rights provided by the Copyright Act, 17 U.S.C. § 106. Such users have, without license or authorization, reproduced, publicly distributed and publicly displayed the lyrics from Plaintiffs' Songs, and such users continue to do so.

73. The developers and distributors of the Lyric Distribution Applications also are directly and secondarily infringing the copyrights in Plaintiffs' Songs by, *inter alia*, transmitting copies of the lyrics from Plaintiffs' Songs to the users of the Lyric Distribution Applications so that those users may copy the lyrics onto their computers, iPods, cellular phones and other media devices. This conduct by the developers and distributors of the Lyric Distribution Applications

constitutes infringement of Plaintiffs' exclusive rights provided by the Copyright Act, 17 U.S.C. § 106. Such developers and distributors have, without license or authorization, reproduced, publicly distributed and publicly displayed the lyrics from Plaintiffs' Songs, and they continue to do so.

74. By their aforementioned acts, Defendants are liable as vicarious infringers for the infringements by the users of the LyricWiki Website and the Lyric Distribution Applications. Defendants have the right and ability to supervise and control the infringing conduct of such users and have a direct financial interest in, and have derived substantial financial benefit from, the infringing conduct.

75. Defendants' vicarious infringement of Plaintiffs' Songs was and continues to be done willfully, with full knowledge of Plaintiffs' copyrights, and in reckless disregard for those rights.

76. As a direct and proximate result of the foregoing acts of vicarious infringement by Defendants, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each timely-registered work that was infringed. An exemplary list of infringed works is included in Exhibits 1-3. Due to the massive scale of Defendants' vicarious infringement, Exhibits 1-3 are non-exhaustive and include only a small fraction of Plaintiffs' Songs that were infringed. Plaintiffs reserve the right to seek relief for any other infringed songs that are discovered or identified at any time prior to trial.

77. As an alternative to statutory damages, Plaintiffs at their election at any time prior to final judgment are entitled to recover their actual damages and any of Defendants' additional profits attributable to their vicarious infringement, pursuant to 17 U.S.C. § 504(a)-(b).

78. Plaintiffs are also entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

79. Defendants' conduct as averred herein has caused, and unless enjoined by this Court will continue to cause, Plaintiffs grave and irreparable injury that cannot be fully compensated by or measured in monetary damages. Plaintiffs, therefore, have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction, prohibiting further vicarious infringement of Plaintiffs' copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment and relief as follows:

1. For a ruling that Defendants have willfully infringed the copyrights in Plaintiffs' Songs, including, without limitation, the songs identified in Exhibits 1-3;

2. For a permanent injunction requiring that Defendants and their respective agents, servants, employees, officers, attorneys, successors, licensees, partners and assigns, and all persons acting in concert or participation with each or any of them, cease and desist infringing, whether directly or indirectly, and cease and desist causing, enabling, facilitating, encouraging, inducing, promoting, contributing to, assisting, and/or participating in the infringement of, any of the copyrights in Plaintiffs' Songs, including, without limitation, the operation, authorization or licensing of the LyricWiki Website or any other website or service that reproduces, distributes and/or publicly displays the lyrics from Plaintiffs' Songs;

3. For maximum statutory damages in the amount of not less than $150,000 with respect to each of Plaintiffs' Songs that has been timely registered and infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c):

4. Alternatively, and at Plaintiffs' election at any time prior to final judgment, for Defendants' profits and for damages in such amount as may be found attributable to the infringement at trial, pursuant to 17 U.S.C. § 504(a)-(b);

5. For Plaintiffs' costs and disbursement, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

6. For prejudgment and post-judgment interest according to law;

7. For such other and further relief as the Court may deem just and proper.

Dated: August 24, 2009

            BABST, CALLAND, CLEMENTS
            AND ZOMNIR, PC

            By: *David E. White* (signature)
            David E. White (Pa. I.D. # 59659)

            Two Gateway Center
            603 Stanwix Street
            6th Floor
            Pittsburgh, PA  15222
            Tel.: 412-394-5400
            Fax: 412-394-6576
            dwhite@bccz.com

            MOSES & SINGER LLP
            Paul M. Fakler (NY Bar No. 2940435)
            (*pro hac* admission pending)
            Ross J. Charap (NY Bar No. 1117381)
            (*pro hac* admission pending)
            MOSES & SINGER LLP
            405 Lexington Avenue
            New York, New York 10174-1299
            Tel.: 212-554-7800
            Fax: 212-554-7700
            pfakler@mosessinger.com

            *Attorneys for Plaintiffs*